**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CARLTON CLARK,

              Plaintiff,

              v.

DEPARTMENT OF LAW AND PUBLIC
SAFETY, DIVISION OF STATE POLICE,

              Defendant.

Case No. 3:19-cv-21238 (BRM) (ZNQ)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

       Before this Court is a Motion to Dismiss filed by Defendant Department of Law and Public Safety, Division of State Police ("State Defendant") seeking to dismiss *pro se* Plaintiff Carlton Clark's ("Plaintiff") Complaint (the "Complaint"), which alleges, *inter alia*, State Defendant discriminated and retaliated against him on the basis of his gender and race, pursuant to state and federal statutes. (ECF No. 7.) State Defendant argues Plaintiff's claims are barred by the statute of limitations and Plaintiff's failure to exhaust required administrative remedies. Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 15.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, State Defendant's Motion to Dismiss is **GRANTED.**

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This matter arises out of the alleged racial and gender discrimination and retaliation Plaintiff incurred while working for the Division of State Police ("State Police"). Plaintiff began his employment with the State Police on December 30, 2000. (ECF No. 1-3.) During the first 12-15 years of his employment with the State Police, Plaintiff received positive reviews, such as ratings he exceeded, and sometimes significantly surpassed, all essential quality criteria. (*Id.*) Despite his positive reviews, Plaintiff was "regularly passed over for promotions [for] white colleagues," who had either similar or lower ratings. (*Id.*) In particular, one colleague, a Margaret Ross ("Ross"), was elevated to unit head. (*Id.*) Following her elevation, Ross initiated a campaign to diminish Plaintiff's performance, character, and demeanor. (*Id.*) Ross's efforts were so apparent that other employees "clearly noticed." (*Id.*) Ross enlisted others, including another white female, a Jacqueline L. Honickman ("Honickman") to issue negative ratings on Plaintiff's performance and encouraged others within the State Police to complain about Plaintiff's performance, as well. (*Id.*) Still, Plaintiff continued to receive good remarks from several State Police employees through 2018. (*Id.*)

The situation between Plaintiff and Ross and Honickman grew to be "so bad" that Plaintiff sought guidance from his union, Communications Workers of America ("CWA") Local 1037, and simultaneously sought transfer or reassignment from his unit. (*Id.*) He was advised by a Michael Rosciwski to contact the Office of Equal Opportunity State Police ("EEO-State Police"). (*Id.*)

---

[1] For the purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Thereafter, in January 2017, Plaintiff filed a formal complaint (Case # 16-168) with the EEO-State Police. (*Id.*; *see* ECF No. 1 at 5.) The EEO-State Police never conducted a formal investigation, closed the case in or around June 2017, and told Plaintiff he could appeal the matter to the Civil Service Commission. (*Id.*) Plaintiff appealed immediately. (*Id.*) While the appeal was ongoing, State Defendant retaliated against Plaintiff by filing a notice of disciplinary action against Plaintiff. (*Id.*) During this time, Plaintiff's request for transfer was approved. (*Id.*) Ross sought the aid of a Major Brandon Gray ("Gray") to block Plaintiff's transfer because Plaintiff's transfer would mean she would lose Plaintiff's "title from her unit." (*Id.*) Ross, however, permitted two other white colleagues to transfer, including one individual who had the same title as Plaintiff. (*Id.*)

 Plaintiff filed a federal EEOC charge related to the above incidents in or about July 2019 and indicates in the Complaint he was issued a right-to-sue letter. (ECF No. 1 at 5.) Plaintiff contends the discriminatory acts against him began in 2014 and continue to the present. (*Id.* at 4.)

On December 10, 2019, Plaintiff filed a Complaint against State Defendant alleging: (1) race discrimination, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); and (2) the New Jersey Law Against Discrimination N.J. Stat. Ann. 10:5–1 *et seq.* ("NJLAD"). (*See* ECF No. 1.) On April 13, 2020, State Defendant filed a Motion to Dismiss on the basis that: (1) all Title VII claims should be dismissed for Plaintiff's failure to exhaust his administrative remedies; or, in the alterative all Title VII claims are time barred as Plaintiff did not file the EEOC charge within 300 days; and (2) the NJLAD claims are barred by the applicable two-year statute of limitations; or, in the alternative the Court has no jurisdiction over the NJLAD claims once the federal claims are dismissed. (*See* ECF No. 7.) On November 5, 2020, Plaintiff filed opposition to the Motion. (ECF No. 15.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely

5

because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DECISION

### A.      Title VII Claims[2]

State Defendant argues Plaintiff's Title VII claims relating to race and gender discrimination and retaliation must be dismissed for failure to exhaust his administrative remedies as there is no indication Plaintiff "ever received a right to sue letter or that his EEOC complaint ha[d] been finalized." (ECF No. 7 at 6–8.) State Defendant also contends all Title VII claims are time-barred as Plaintiff did not file the EEOC charge within 300 days of the alleged Title VII violations. (*Id.* at 9–10.) Plaintiff does not explicitly contest State Defendant's arguments. (*See* ECF No. 15.)

Prior to filing his Title VII suit, Plaintiff was required to exhaust all his administrative remedies. The failure to do so "is an affirmative defense in the nature of statute of limitations." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). "Under Title VII, a charge of race or sex discrimination in employment must be filed with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). The 180-day deadline is extended to 300 days when the plaintiff lives in a so-called deferral state, such as New Jersey and Pennsylvania. *Scocozza v. New Jersey*,

---

[2] "Title VII prohibits discriminatory employment practices based upon an individual's race, color, religion, sex, or national origin." *Shahin v. Delaware*, 424 F. App'x 90, 92–93 (3d Cir. 2011) (citations omitted); *Powell v. Verizon*, Civ. A. No. 19-8418, 2019 WL 4597575, at *4 (D.N.J. Sept. 20, 2019).

Civ. A. 14-2095, 2014 WL 6674453, at *4 (D.N.J. Nov. 25, 2014). (citing 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)); *Cardenas v. Massey*, 269 F.3d 251, 255 n.2 (3d Cir. 2001)). The EEOC must investigate the charge "and the complainant must allow a minimum of 180 days for the EEOC investigation to proceed." *Burgh*, 152 F.3d. at 470. If the EEOC has not resolved the charge after 180 days, it must advise the plaintiff through a "right-to-sue" letter "that it sees no reason to take action on the complaint." *Id.* (citations omitted). A plaintiff cannot bring a Title VII suit without having first received a "right-to-sue" letter. *Id.* (citation omitted). Indeed, "[i]f a plaintiff brings suit under Title VII [] before receiving a right-to-sue letter, the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies." *Small v. Rahway Bd. of Educ.*, Civ. A. No. 17-1963, 2017 WL 1351400, at *2 (D.N.J. Apr. 6, 2017) (citations omitted); *see, e.g.*, *Robinson v. Univ. of Med. & Dentistry of N.J.*, Civ. A. No. 06–1158, 2006 WL 3371748, at *2 (D.N.J. Nov. 17, 2006) (granting motion to dismiss ADA claims where plaintiff admitted that she did not file an EEOC charge or receive a right to sue letter).

If the plaintiff does choose to bring a Title VII action, "it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). The start of 90-day period is generally triggered by the date the plaintiff receives the right-to-sue letter. *Id.* (citing *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); *Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986)). "Both the 180-day period for filing the administrative complaint and the 90-day period for filing the court action are treated as statutes of limitations." *Id.* (citation omitted). The Third Circuit strictly construes these periods and has held that "even one day late is time-barred and may be dismissed." *Id.* The statute of limitations, however, does not begin to run

unless there has been "final agency action," such as the EEOC issuing a right-to-sue letter. *Id.* at 470-71. Without "final agency action," a plaintiff cannot bring suit. *Id.*

Here, Plaintiff contends he received a "Notice of Right to Sue letter," but does not provide the date it was received or attach it to the Complaint. (*See* ECF No. 1 at 5.) State Defendant moves to dismiss the Complaint because Plaintiff failed to assert his Title VII claim without first exhausting his administrative remedies, and therefore improperly invoked the jurisdiction of this Court. (ECF No. 7 at 6–7.)

The Court notes it is unclear whether Plaintiff has exhausted his administrative remedies. Plaintiff's Complaint sets forth little information concerning his compliance with the statutory requirements. Plaintiff alleges he filed charges with the EEO-State Police, regarding State Defendant's alleged discriminatory conduct in January 2017. (*See* ECF No. 1-3.) After the investigation was closed in June of 2017, Plaintiff appealed the matter to the Civil Service Commission. (*Id.*) Thereafter, Plaintiff alleges he filed a federal EEOC charge on or about July 2019. (*Id.*) However, Plaintiff does not identify a date on which he received a right-to-sue letter, nor does he attach any such letter to the Complaint.

Nevertheless, the Court, keeping in mind that *pro se* complaints, in particular, should be construed liberally, will provide Plaintiff with an opportunity to demonstrate he has exhausted his administrative remedies. *See Boyce v. Ancora State Hosp.*, Civ. A. No. 14-185, 2015 WL 857573, at *3 (D.N.J. Feb.27, 2015) (permitting *pro se* plaintiff opportunity to file an amended complaint containing dates and documentation regarding when she filed her charge with the EEOC to show exhaustion of administrative remedies); *see also Small v. Conoco Phillips*, Civ. A. No. 06-4722, 2006 WL 2990370, at *2 (D.N.J. Oct.18, 2006) (permitting *pro se* plaintiff to file amended complaint to correct defect where plaintiff failed to attach a copy of EEOC charge showing

exhaustion of administrative remedies); *see Beakley v. United States*, Civ. A. No. 14-6502, 2015 WL 4591268, at *2 (D.N.J. July 29, 2015).

Plaintiff should be guided by the following in amending his complaint:

1. A well-pleaded complaint requires factual support for its assertions. Plaintiff should describe, in detail, those actions by the State Defendant he believes supports his claim that State Defendant discriminated against him and that he was retaliated against for complaining about the discriminatory treatment.

2. Plaintiff must fully exhaust his administrative remedies before pursuing litigation in this Court, or in any other court or jurisdiction. If Plaintiff has in fact exhausted his administrative remedies, he must adhere to the pleading requirements of Title VII and assert in his amended complaint that he has exhausted his administrative remedies.

3. With respect to filing any new submissions, Plaintiff is advised to be cognizant of the strict filing deadlines delineated in Title VII, the Federal Rules of Civil Procedure, and the Local Rules.

*Johnson v. Performance Food Grp.*, Civ. A. No. 10-3742, 2010 WL 4668346, at *3–4 (D.N.J. Nov. 5, 2010).

Accordingly, State Defendant's Motion to Dismiss Plaintiff's Title VII claims is **GRANTED and DISMISSED WITHOUT PREJUDICE**.

**B.    NJLAD Claim[3]**

State Defendant contends Plaintiff's NJLAD claim is barred by the applicable two-year statute of limitations. (ECF No. 7 at 9–10.) Specifically, State Defendant argues because Plaintiff "fails to allege any actual facts showing that he experienced discrimination or retaliation after June

---

[3] In NJLAD actions for employment discrimination, courts generally follow Title VII precedent. *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016) ("This Court's discrimination inquiry is the same for claims filed under Title VII and the NJLAD. . . .") (citing *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 249 (3d Cir. 2006)).

of 2017, his NJLAD claim is barred by the two (2) year statute of limitations." (*Id.*)[4] Plaintiff does not appear to explicitly challenge State Defendant's position regarding the NJLAD claim.

The NJLAD has a two-year statute of limitations. *Rodriguez v. Raymours Furniture Co.*, 138 A.3d 528, 537 (N.J. 2016); *Khalifeh v. Duff & Phelps Corp.*, Civ. A. No. 16-4572, 2017 WL 1003220, at *4 (D.N.J. Mar. 15, 2017). "In employment discrimination actions, the limitations period begins with the time of the discriminatory act." *Hanani v. N.J. Dep't of Envtl. Prot.*, 205 F. App'x 71, 76 (3d Cir. 2006) (internal quotation and citation omitted); *Roa v. Roa*, 985 A.2d 1225, 1231-32 (N.J. 2010) (holding that under the NJLAD "the limitations clock begins to run on a discrete retaliatory act, such as discharge, on the date on which the act takes place"). Therefore, where a plaintiff alleges discrete acts of discrimination, "such as termination, failure to promote, denial of transfer, or refusal to hire," the statute of limitations begins running from the date of the last discriminatory event. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Barnett v. Rutgers Univ.*, Civ. A. No. 17-2503, 2018 WL 1385664, at *4 (D.N.J. Mar. 16, 2018).

The Court need not delve into the parties' arguments. Plaintiff's NJLAD claim will be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's NJLAD claim. Indeed, "a claim of sovereign immunity advances a jurisdictional bar which a party may raise at any time, even on appeal, and which the court may raise *sua sponte*." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000); *see also Jones v. United States Dist. Court for the Dist. of Del.*, 649 F. App'x 132, 132–33 (3d Cir. 2016) (affirming district court's *sua sponte* dismissal for lack of subject matter jurisdiction in regard to sovereign immunity). This Court has a "continuing

---

[4] State Defendant contends, in the alternative, the Court would have no jurisdiction over the NJLAD claim once the Title VII claims are dismissed. (ECF No. 7 at 4.)

obligation to assess its subject matter jurisdiction" and to "dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

Because Plaintiff brings his claim under the NJLAD against state-government entities in federal court, State Defendant is entitled to sovereign immunity.

> [W]hile the NJLAD identifies the State and its alter egos as potential defendants in their capacity as an "employer," *see* [N.J. Stat. Ann.] § 10:5-5(e), the statute only authorizes the initiation of suits under the NJLAD "in [New Jersey] Superior Court." *Id.* § 10:5-13. Accordingly, because waiver only exists "where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction," [*Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ], . . . the State of New Jersey retains its Eleventh Amendment immunity.

*Rich v. New Jersey*, Civ. A. No. 14-2075, 2015 WL 2226029, at *7 (D.N.J. May 12, 2015) (internal citations omitted). Indeed, numerous other courts within this District have held that the State of New Jersey, and its administrative arms, may not be sued in federal court under the NJLAD.[5] As a result of State Defendant's sovereign immunity, this Court lacks subject matter jurisdiction over Plaintiff's claim under the NJLAD. State Defendant's Motion to Dismiss is granted in this regard. *Davenport v. New Jersey Bd. of Pub. Utilities*, Civ. A. No. 18-13687, 2019 WL 2432123, at *4 (D.N.J. June 11, 2019); *Bey v. New Jersey, Dep't of Law & Pub. Safety*, Civ. A. No. 11-5589, 2012

---

[5] *See, e.g.*, *Jasmin v. State Econ. Dev. Auth.*, No. 16-1002, 2018 WL 3617955 (D.N.J. July 30, 2018) (providing that "because 'a plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court,' this Court lacks subject matter jurisdiction over [p]laintiff's NJLAD claim against [the New Jersey Economic Development Authority]"); *Hayes v. New Jersey*, Civ. A. No. 09-6092, 2010 WL 4291433, at *2 (D.N.J. Oct. 21, 2010) (agreeing with the State and Division of State Police "that plaintiff's [NJLAD] claims are barred because of it immunity to suit such as plaintiff's"); *Bennet v. Atlantic City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003) (determining that the "NJLAD does not contain the express language required to waive the State's immunity from suit in federal court, therefore, State Defendants retain their immunity").

WL 3647431, at *2 (D.N.J. Aug. 23, 2012); *Garcia v. The Richard Stockton College of New Jersey*, 210 F.Supp.2d 545, 550 (D.N.J.2002) ("[A] plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court . . . .").

Accordingly, State Defendant's Motion to Dismiss Plaintiff's NJLAD claim is **GRANTED and DISMISSED WITH PREJUDICE**.

**IV.**     **CONCLUSION**

For the reasons discussed above, State Defendant's Motion to Dismiss Plaintiff's Title VII and NJLAD claims is **GRANTED**. Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice. An appropriate order follows.

Dated: December 31, 2020

/s/ Brian R. Martinotti
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**